UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESIDENT LEZETTE MCCLAIN
 THE ROYAL MCCLAIN MONARCHY,

    Plaintiff,

v.                                      Case No. 3:22cv806-MCR-HTC

THE STATE OF FLORIDA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Lezette McClain, who identifies herself as the President of the Royal McClain Monarchy, initiated this action by filing a completely nonsensical *pro se* complaint, alleging among other things, that she owns the state of Florida. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). For the reasons discussed below, the undersigned respectfully recommends this case be dismissed without prejudice as frivolous and for Plaintiff's failure to comply with Court orders.

Plaintiff commenced this action on January 21, 2022, by filing a civil complaint (ECF Doc. 1) and a motion to proceed *in forma pauperis* (ECF Doc. 2). Plaintiff alleges she is "a federal hierarchy and [she] owns the state of Florida" and has also "owned and operated many business and government agencies . . . which were stolen from [her] possession." ECF Doc. 1 at 3. Plaintiff further alleges she "was blackballed out of [her] companies and realty leaving [her] abandoned and homeless" and she has "been abused and trafficked in said state [and] throughout the county." *Id.* at 5.

There can be no doubt that Plaintiff's allegations fall considerably short of the requirements set forth in Rule 8. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)) (explaining that "clearly baseless" allegations include "allegations that are that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of . . . irrational or . . . wholly incredible."); *Morris v. Bush*, No. 108-CV-00208-MP-AK, 2008 WL 5231843, at *3 (N.D. Fla. Dec. 9, 2008), *report and recommendation adopted*, No. 1:08CV208/MP/AK 2008 WL 5231843, at *1 (N.D. Fla. Dec. 9, 2008) (dismissing Plaintiff's complaint as frivolous because Plaintiff's complaint included "conclusory allegations that [were] clearly removed from reality"). Thus, Plaintiff's complaint is subject to dismissal as frivolous.

Moreover, Plaintiff has neither paid the requisite filing fee nor filed a proper motion to proceed *in forma pauperis*. Along with Plaintiff's frivolous complaint,

she filed a motion to proceed *in forma pauperis* on the Court's form for prisoners rather than for non-prisoners. ECF Doc. 2. Thus, on January 26, 2022, the Court denied Plaintiff's motion and ordered Plaintiff to file, within fourteen (14) days, a second motion to proceed *in forma pauperis* or pay the Court's $402.00 filing fee. ECF Doc. 4. The Court also directed the clerk to send Plaintiff a complete set of forms needed for filing a motion to proceed *in forma pauperis* as a courtesy. *Id*. Plaintiff was advised that failure to comply with the Court's order may result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply with the Court's order.

     Thus, on February 17, 2022, the Court gave Plaintiff fourteen (14) days to show cause why this case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 5. Plaintiff filed what appears to be an attempt at a response. ECF Doc. 6. In the purported response, however, Plaintiff ignored the Court's prior orders and, instead, submitted a hodgepodge of irrelevant documents, such as a US Patent Trademark Office Form and a letter to the US Dept. of Treasury. Similarly, the response includes a handwritten letter and statements which are wholly nonsensical. For example, Plaintiff states, "I would like to renegotiate new contracts and also find out exactly who is in possession of my companies and also for alternative dispute resolutions." ECF Doc. 6 at 1. Plaintiff further states the

"Alabama SOS will not register my business for my new country USA—the Holy District Monarchy," and the letter is signed "President LDM." *Id*.

While Plaintiff contends she is homeless, living with a friend, and has no income, the Court has already told her that the Court will not rule on her indigency status unless she files a proper and complete motion on this Court's form. Plaintiff is clearly either unwilling or unable to comply with this Court's prior orders.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).[1]

Accordingly, it is respectfully RECOMMENDED:

1.   This action be dismissed without prejudice as frivolous and for Plaintiff's failure to follow court orders.

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

2.  The clerk be directed to close the file.

Done at Pensacola, Florida this 11th day of March, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.